OPINION OF THE COURT
Eli H. Mellan, J.
The defendant appeared before this court on April 18, 1980 for sentencing with respect to three charges on which he was found guilty after trial by jury, namely, violations of section 145.00 of the Penal Law, section 155.25 of the Penal Law and section 140.10 of the Penal Law. The first two being class A misdemeanors and the third being a class B misdemeanor.
At the time of sentence, defendant’s attorney urged upon the court to vacate the conviction based upon a decision of the Supreme Court of the United States, Payton v New York (445 US 573) decided only three days prior to the date of sentence herein. The argument was that this decision made all warrantless arrests in a home illegal. While the text of the decision was neither available to the court or the defendant’s *98 attorney, defense counsel advanced his argument on the basis of an analysis described in the New York Times. Refusing to accept such unofficial source of the Supreme Court decision, the court denied the application to vacate the conviction.
On resentencing, on April 28, 1980 the court was provided with a copy of the Payton decision (supra) and the same argument was again advanced in behalf of the defendant.
In this instance the defendant being charged with the aforementioned crimes was arrested under the following circumstances: The police arrived at the home of the defendant, rang the doorbell, and were admitted to the premises by defendant’s mother. Upon being admitted they asked to see the defendant, who was called by his mother and presented himself whereupon he was placed under arrest without any written warrant of arrest.
Defendant argues, based upon the Payton case (supra), that such a warrantless arrest is unconstitutional and therefore must be vacated.
The Supreme Court of the United States in the Payton case (445 US 573) reversed a decision in People v Payton (45 NY2d 300) by the New York State Court of Appeals and held that the Fourth Amendment, made applicable to the States by the Fourteenth Amendment, prohibits the police from making a warrantless and nonconsensual entry into a suspect’s home in order to make a routine felony arrest. The court further held that while warrantless arrests in a public place had previously been held to be constitutional in United States v Watson (423 US 411) this decision does not permit nor apply to warrantless invasions of the privacy of the home. As the court stated, the common-law rule on warrantless home arrests was not as clear as the rule on arrests in public places and while it was previously held that the warrantless arrests in a public place were permissible they were not also permissible within the privacy of a person’s home.
The court stated that although a majority of the States have taken a position to permit warrantless arrests in a home even in the absence of exigent circumstances there is an obvious declining trend in this regard leading the court to question the propriety of a warrantless arrest within an individual’s home.
In quoting from United States v Watson (423 US 411, supra) the court stated as follows: "we upheld a warrantless 'midday *99 public arrest’ expressly noting that the case did not pose 'the still unsettled question * * * whether and under what circumstances an officer may enter a suspect’s home to make a warrantless arrest.’ ” (Payton v New York, supra, pp 574-575.)
In the case under review the New York Court of Appeals rejected the constitutional attack. The Supreme Court of the United States stated as follows: "We now reverse the New York Court of Appeals and hold that the Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, Mapp v. Ohio, 367 U. S. 643; Wolf v. Colorado, 338 U. S. 25, prohibits the police from making a warrantless and nonconsensual entry into a suspect’s home in order to make a routine felony arrest.” (Payton v New York, supra, p 576.)
The question is whether by this decision the Supreme Court of the United Sites decided that a formal written warrant of arrest is required in every case involving an arrest within the privacy of a defendant’s home or whether there are circumstances which, within the holding of this decision, would be permissible arrests without such a warrant.
The facts in the Payton case (supra) as revealed in the decision were that the police had probable cause to believe that the defendant Payton had murdered the manager of a gas station two days earlier and went to Payton’s apartment in The Bronx intending to arrest him. They were not armed with a warrant. "Although light and music emanated from the apartment, there was no response to their knock on the metal door. They summoned emergency assistance and, about 30 minutes later, used crowbars to break open the door and enter the apartment.” (People v Payton, supra, p 576.)
The facts and circumstances of this arrest are quite obviously dissimiliar from the arrest in the instant case wherein the police in the Van Brunt home were invited into the premises by defendant’s mother and the defendant presented himself to the police whereupon he was arrested. There was no forcible entry, no breakin, nor was there any semblance of what could be referred to in the Supreme Court decision as a "nonconsensual entry into a suspect’s home.”
The Supreme Court decision does hold that there could be exigent circumstances justifying the police officers’ failure to announce their purpose before entering the premises of the defendant. It is not claimed in the instant case that there were any such exigent circumstances; however, by the same *100 token nor does it appear that the police entered the premises in this instance without the consent of any occupant of the premises. In this instance they were admitted into the premises by defendant’s mother.
The court specifically held that in the Payton case they were dealing with entry into a home, "Without the consent of any occupant.” (Payton v New York, 445 US 573, 583, supra.) In the Payton case the police used crowbars to break down the door. In the Riddick case also referred to in the same decision (People v Riddick, 45 NY2d 300), the court stated that the police entered at a time when a three-year-old son answered the door and the police did not wait to be invited into the premises but entered before "Riddick had an opportunity either to object or to consent.” (People v Payton, supra, p 583.)
In the instant case Van Brunt’s mother never objected to the police coming into the premises and in fact voluntarily called the defendant when the police stated that they came to see her son in connection with a problem. The testimony in this case was that the police were invited into the premises without any objection. This case is distinguishable from the Payton case (supra) does not, in the opinion of this court come within the constitutional restrictions set forth in the Payton case (supra).
Therefore upon resentencing the court once again denies defendant’s motion to vacate and set aside the convictions.